UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KB DISSOLUTION CORP.,

                Plaintiff,

      -against-                                09 Civ. 8565 (LAK)

GREAT AMERICAN OPPORTUNITIES, INC.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OPINION

Appearances:

        Christian Carbone
        LOEB & LOEB LLP
        *Attorneys for Plaintiff*

        Thomas W. Wood, IV
        NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.
        *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

      This matter is before the Court on KBI's application for leave to file a second amended complaint in substantially the same terms as its previously dismissed amended complaint. GAO resists, arguing that this Court lacks jurisdiction by virtue of its pending appeal from an order dismissing its counterclaims and, in any case, that the application should be denied as futile.

*Facts*

This is, principally, an action on a promissory note of GAO given in connection with its purchase of assets from KBI pursuant to an asset purchase agreement ("APA"). GAO asserted counterclaims, claiming in essence that certain warranties and representations given by KBI in the APA were inaccurate. It claimed a right to offset its alleged damages against the note and to additional damages.

The amended complaint contained claims for relief for (1) breach of the note by non-payment, (2) recovery of costs, expenses and attorneys' fees incurred in enforcing the terms of the note, (3) breach by GAO of the covenant of good faith and fair dealing implied in the note and the APA, (4) breach by GAO of a covenant given by it in the APA. The fifth claim for relief sought a declaration that GAO's claims were without merit. GAO's counterclaim asserted claims against KBI and two additional counterclaim defendants for (1) breach of contract, (2) fraud, (3) fraudulent concealment, and (4) a fraudulent conveyance.

On March 22, 2010, I granted GAO's motion to dismiss KBI's first through fourth claims for relief. [DI 51] Among other things, I held that Section 10.5(c) of the APA excused GAO's obligation to make payment on the note until such time as there had been a final resolution of its claims against KBI. In consequence, the note was not then due and payable, and KBI was not then entitled to recovery costs and attorneys' fees incurred in enforcing it. This ruling, however, did not fully dispose of the claims asserted by KBI, as GAO had not sought dismissal of KBI's claim for declaratory relief.

On March 26, 2010, I granted the motion of KBI and the additional counterclaim defendants to dismiss GAO's counterclaim in all respects. [DI 52] On March 31, 2010, GAO filed a notice of appeal from that order.

*Discussion*

KBI essentially argues that its claims on the note were dismissed as premature in view of the unresolved condition of GAO's claims, that GAO's claims now have been dismissed, that KBI's claims on the note therefore now are ripe, and that a second amended complaint is an appropriate means of resurrecting them.  GAO argues that I lack jurisdiction in view of the pendency of its appeal from the dismissal of its counterclaim and, in any case, that KBI's claims remain premature because GAO's claims have not been finally resolved.  In essence, it resists the amendment on the ground that it would be futile.

*Jurisdiction*

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[1]  Rigid enforcement of such a mechanical rule, however, would ill serve the rule's objective of promoting efficiency by preventing two courts from addressing the same matter at the same time.[2]  Moreover, it would deliver into the hands of each litigant the ability to freeze matters in the district court simply by filing a notice of appeal, no matter how frivolous.[3]  In consequence, district courts are not deprived of jurisdiction by the filing of untimely or manifestly

---

[1] *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

[2] *See, e.g., United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir.1996).

[3] *See Leonhard v. United States*, 633 F.2d 599, 609-11 (2d Cir.1980), *cert. denied*, 451 U.S. 908 (1981).

4

defective appeals and appeals from non-appealable orders.[4]

Section 1291 of the Judicial Code[5] provides that courts of appeals "shall have jurisdiction of appeals from all final decisions" of the relevant district courts. "A 'final' judgment or order is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision."[6]

GAO never moved to dismiss KBI's fifth claim for relief, and the March 22, 2010 order left it pending. The March 26 order dismissing GAO's counterclaim therefore was not a "final decision" within the meaning of Section 1291. GAO's notice of appeal therefore did not affect this Court's jurisdiction.

*Leave to Amend*

GAO argues that KBI's claims on the note still are premature because Section 10.5(c) of the APA excuses GAO from making payment until there is a final resolution of GAO's indemnification claim. There has been no final resolution, it contends, because its appeal from the dismissal of its counterclaim is pending. It therefore maintains that resurrection of KBI's claims on the note would be inappropriate at this time.

Section 10.5(c) of the APA requires that the Purchaser (here GAO), prior to seeking

---

[4] *E.g.*, *Nat'l Council of La Raza v. Dep't of Justice*, 345 F. Supp.2d 412, 413 (S.D.N.Y. 2004), *aff'd*, 411 F.3d 350 (2d Cir. 2005).

[5] 28 U.S.C. § 1291.

[6] *Citizens Accord, Inc. v. Town of Rochester, N.Y.,* 235 F.3d 126, 128 (2d Cir. 2000). *Accord, Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Trans. Auth.*, 505 F.3d 226, 230 (2d Cir. 2007).

recovery for indemnification for, among other things, breaches of representations and warranties against KBI, "shall first exercise in good faith its setoff rights under the . . . Note . . . and only after exhausting the limits of such setoff rights, may Purchaser pursue recovery against" KBI. It goes on to say:

> "If a Claim Notice has been given by Purchaser on or before the date any payment is due under the . . . Note . . . , Purchaser shall be excused from making such payment to the extent of the amount claimed in the Claim Notice until such time as there has been a Final Resolution of the Indemnification Claim that is the subject of such Claim Notice."

On or about September 14, 2009, and thus well before any payment was due on the Note, GAO submitted to KBI a claim notice asserting indemnity claims in excess of $5 million. Those claims were the subject of the counterclaim dismissed by the March 26 order. The question therefore is whether the dismissal of the counterclaim was "a Final Resolution" of GAO's indemnity claim.

Section 10.5(c) defines the term "Final Resolution":

> "Any setoff under the Purchaser Note . . . with respect to an Indemnification Claim shall not be effective until a Governmental Body of competent jurisdiction shall have rendered a decision, judgment or award with respect to the underlying dispute, or the Indemnified Party and the Indemnifying Party shall have arrived at a mutually binding agreement with respect to such Indemnification Claim (any such resolution, a '<u>Final Resolution</u>')."

This Court is a "Governmental Body of competent jurisdiction" within the meaning of the APA. The March 26 order was "a decision, judgment or award with respect to the underlying dispute" concerning GAO's claim for indemnification. In consequence, the March 26 order was a "Final Resolution" within the meaning of the clear terms of the APA notwithstanding the fact that the parties could have negotiated a different agreement with respect to finality. As GAO strenuously argues, however, "[i]t is not for the Court to rewrite the parties' agreements to favor

6

either side."[7]

As there has been a Final Resolution of GAO's indemnification claim within the meaning of the APA,[8] KBI's claim on the note no longer is premature. Amendment to resurrect that claim would not be futile.

*Conclusion*

For the foregoing reasons, KBI is correct in arguing that its previously dismissed first, second and fourth claims for relief no longer are premature and should be resurrected.[9] While amendment of the pleading would accomplish that, I see no need to go through the extra paperwork and delay that would entail. Accordingly, KBI's application is granted to the extent that so much of the March 22, 2010 memorandum and order as dismissed KBI's first, second and fourth claims for relief is vacated. It is denied in all other respects.

SO ORDERED.

Dated: April 14, 2010

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[7] Letter, Thomas M. Wood, IV, Apr. 12, 2010, at 2 (quoting Mar. 22, 2010 memorandum) (internal quotation marks omitted).

[8] The fact that the March 26 order was not a "final decision" within the meaning of 28 U.S.C. § 1291 has no bearing on whether it was a "Final Resolution" within the meaning of the APA.

[9] Its third claim for relief was dismissed on an independent basis.